IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SENRICK WILKERSON, # 1885146,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | **CIVIL CASE NO. 3:16-CV-2518-L-BK** |
| | § | |
| **DALLAS COUNTY DISTRICT** | § | |
| **ATTORNEY'S OFFICE, et al.,** | § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States Magistrate Judge for judicial screening. Petitioner, a state prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254, on the Court approved form. Doc. 2. For the reasons that follow, it is recommended that the petition be summarily **DISMISSED WITHOUT PREJUDICE**.

**I. BACKGROUND**

In 2010, Petitioner was convicted of compelling prostitution of a child, sexual performance of a child, and sexual assault of child, and sentenced to 8 years' imprisonment for each offense. *State v. Wilkerson*, Nos. F08-60213, F10-01183, and F10-01184 (Crim. Dist. Court No. 3, Dallas County, Dec. 17, 2010). He unsuccessfully sought state and federal habeas relief. *See Wilkerson v. Stephens*, No. 3:14-CV-0476-P-BK, 2015 WL 1005329 (N.D. Tex. Mar. 5, 2015) (Solis, J.) (denying petition filed under 28 U.S.C. § 2254).

Petitioner is no stranger to the federal courts, having filed more than 20 cases over the past five years.[1] As a result of the numerous civil lawsuits he filed challenging his convictions,

---

[1] PACER Case Index available at https://www.pacer.gov/psco/cgi-bin/links.pl.

he has been barred by three-strikes provision of 28 U.S.C. § 1915(g), and sanctioned for repeatedly bringing frivolous or malicious lawsuits. *See, e.g., Wilkerson v. Watkins*, No. 3:13-CV-1326-M-BF, 2013 WL 6620861, at *1 and 4 (N.D. Tex. Dec. 16, 2013) (collecting prior cases, imposing monetary sanction, and barring future filings unless permission is first obtained); *Wilkerson v. State Prosecutor Brooke Grona-Robb*, No. 3:15-CV-2162-G-BH (N.D. Tex. Mar. 7, 2016) (expanding sanctions and filing restrictions to include removed cases). Petitioner has also been warned that he is subject to additional sanctions if he files another application for writ of habeas corpus or federal civil rights claim challenging his underlying criminal convictions. *Wilkerson v. Stephens*, No. 3:14-CV-2349-G-BN, 2014 WL 4412474 (N.D. Tex. Sept. 8, 2014).

In the case *sub judice*, Petitioner attempts to sue the Dallas County District Attorney's Office and the Dallas Police Department, and repeatedly avers that he is not challenging his convictions. Doc. 2 at 1-4. However, his assertions are belied by the allegations in his petition that the Dallas Police Department and the Dallas County District Clerk's Office committed fraud and tampered with and falsified records relating to his criminal case – the same allegations that undergirded his prior habeas action. Doc. 2 at 6-7. He also reasserts his previous allegations that Dallas County Criminal District Court No. 3 (the state convicting court) continues to ignore his motions for *nunc pro tunc* correction of the records in his underlying criminal cases. *Id.*

## II. ANALYSIS

Liberally construed, Petitioner's pleadings do not present a cognizable basis for federal habeas corpus relief. *See* 28 U.S.C. § 2254 (providing for federal habeas relief on behalf of a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws of treaties of the United States."). That notwithstanding, Petitioner must first obtain

leave to file a successive application from the United States Court of Appeals for the Fifth Circuit.[2] However, the Fifth Circuit recently denied Petitioner's request for leave to file, noting, *inter alia*, that because Petitioner "raised claims regarding the absence and falsification of the arrest and charging documents and procedures, as well as the related ineffective assistance of counsel claim, in his prior § 2254 applications," the court "need not consider" them. *In re Wilkerson*, No. 16-10403 (5th Cir. June 21, 2016) (citing 28 U.S.C. § 2244(b)(1)) (a claim that was previously presented in a prior habeas application must be dismissed).

Alternatively, to the extent Petitioner is attempting to bring a non-habeas civil action (albeit on the form for a petition under section 2254), he is barred by the three-strikes provision of 28 U.S.C. § 1915(g) and this Court's prior sanction orders in Case Nos. 3:13-CV-1326-M –BF and 3:15-CV-2162-G-BH, as discussed above. Petitioner has neither paid the previous $200 monetary sanction, nor obtained the permission of a district judge or magistrate judge to file this action.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be summarily **DISMISSED WITHOUT PREJUDICE**. *See* Rule 4 of the Rules Governing

---

[2] Before a petitioner may file a second or successive application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing. Failure to meet this requirement constitutes a bar to the district court's jurisdiction to consider a successive habeas petition. *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003)

Section 2254 Cases in the United States District Courts.

**SIGNED** October 12, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996*)*.

**SIGNED** October 12, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE