IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SENRICK WILKERSON, #1885146,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:16-CV-2518-L** |
| | § | |
| **DALLAS COUNTY DISTRICT** | § | |
| **ATTORNEY'S OFFICE, et al.,** | § | |
| | § | |
| Respondents. | § | |

## **ORDER**

This habeas case, which was brought pursuant to 28 U.S.C. § 2254, was referred to Magistrate Judge Renée Harris Toliver, who entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on October 12, 2016, recommending that the Petitioner's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 2), filed August 31, 2016, be dismissed without prejudice. Petitioner has filed an objection to the Report.

Having reviewed the file, Report, record in this case, and conducting a de novo review of Petitioner's objection, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **overrules** Petitioner's objection and **dismisses** this action **without prejudice**. Alternatively, insofar as Petitioner brings a non-habeas civil action, he is **barred** by the three-strike provision of 28 U.S.C. § 1915(g) and this court's prior sanction orders which imposed a $200 sanction and barred him "from filing any other actions, motions, or pleadings of any kind challenging his conviction without first obtaining the

Order – Page 1

permission of a district judge or magistrate judge." *See* Nos. 3:13-CV-1326-M –BF and 3:15-CV-2162-G-BH.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.* The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the Report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

**It is so ordered** this 31st day of October, 2016.

Sam A. Lindsay
United States District Judge

---

*Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

    **(a)**   **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

    **(b)**   **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 2**